CROCKETT CAMPBELL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—625.]

**Criminal Law—Malicious Wounding.**

It is a misjoinder of offenses to charge a defendant with wounding two distinct persons, although the cutting of both may have been contemporaneous acts; and he can not be legally tried and convicted at one and the same time unless he waives his right to object thereto.

APPEAL FROM HART CIRCUIT COURT.

February 28, 1882.

OPINION BY JUDGE HARGIS:

The appellant was indicted, tried and convicted of the offense of maliciously wounding two persons at the same time, and sentenced to the penitentiary. He has appealed, and insists that his demurrer to the indictment ought to have been sustained.

Crim. Code (1881), § 126, requires that the indictment shall charge but one offense, except in the cases named in § 127. That section does not mention the offense of maliciously wounding, and hence it was a misjoinder of offenses to charge the appellant with wounding two distinct persons, although the cutting of both may have been contemporaneous acts.

If he maliciously cut and wounded either he is subject to punishment, and if he so cut and wounded both at the same time he is guilty of two separate and severable offenses, for which he can not be legally tried and convicted at one and the same time unless he waives his right to object thereto, which the appellant did not do, but saved by his demurrer that should have been sustained, as the commonwealth's attorney failed to dismiss one of the offenses charged in the indictment.

Upon the return of the cause the demurrer should be sus-

tained, unless the attorney for the state, before the action of the court upon the demurrer, fails to elect which charge he will prosecute. The attorney for the appellant insists that the judgment should be reversed, with directions to dismiss the proceedings and discharge the prisoner, and asks, if this can not be done, to be allowed to dismiss this appeal.

We can not consent to such a practice. If a party submits his cause and this court adjudicates upon the merits, he will not be allowed, after ascertaining that the judgment is adverse to his wishes, to dismiss his appeal. He can not be permitted thus to speculate upon the chances between entire acquittal and a greater penalty, and run none of the risks attendant upon a new trial or future proceedings.

Judgment *reversed* and cause remanded with directions to grant appellant a new trial and for further proceedings consistent with this opinion.

*I. T. Woodson,* for appellant.
*P. W. Hardin,* for appellee.

